UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------x
SHAWN LAWTON and GINA
JOHNSON-LAWTON, on their own
behalf and on behalf of their minor son,
I.L.; FOLAKE WIMBUSH, on her own
behalf and on behalf of her minor son,
S.S.; FOLAKE OGUNDIRAN, on her own
behalf and on behalf of her minor
daughter, M.C.; MONIQUE JEFFREY, on
her own behalf and on behalf of her minor
son, B.S.; and SHANICE GIVENS, on her
own behalf and on behalf of her minor son,
C.S.;

**MEMORANDUM AND ORDER**
1:15-cv-07058(FB)(SMG)

       Plaintiffs,

  -against-

SUCCESS ACADEMY CHARTER
SCHOOLS, INC.; SUCCESS ACADEMY
FORT GREENE; CANDIDO BROWN;
and JANE DOES 1-3 and JOHN DOES 1-
3,

       Defendants.
------------------------------------------------x

*Appearances:*

| *For the Plaintiffs* | *For the Defendants* |
|---|---|
| KATIE ROSENFELD | VANESSA M. BIONDO |
| RUTH LOWENKRON | AARON M. SAFANE |
| IRENE MENDEZ | CHRISTOPHER N. LAVIGNE |
| New York Lawyers for the Public Interest | Success Academy Charter Schools |
| 151 West 30th Street, 11th Floor | 95 Pine Street, Floor 6 |
| New York, NY 10001 | New York, NY 10005 |

*For the Plaintiffs, cont.*
ALAN M. KLINGER
BETH A. NORTON
KAYLEY R. MCGRATH
Stroock & Stroock & Lavan LLP
180 Maiden Lane
New York, NY 10038

ARTHUR SCHWARTZ
LAURA BARBIERI
Advocates for Justice,
Chartered Attorneys
225 Broadway, Suite 1902
New York, NY 10007

*For the Defendants, cont.*
LINDA H. MARTIN
ROBERT J. MCCALLUM
ERIC BRANDON
STEPHEN PEARSON III
Freshfields Bruckhaus Deringer US LLP
601 Lexington Avenue
New York, NY 10022

**BLOCK, Senior District Judge:**

Defendants' letter motion requesting the Court to certify interlocutory appeal of its August 1, 2018 order is denied.

"[A] district court may certify an immediate appeal of an interlocutory order if the court finds that the 'order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation." *Century Pacific, Inc. v. Hilton Hotels Corp.*, 574 F. Supp. 2d 369, 370 (S.D.N.Y. 2008) (citing 28 U.S.C. § 1292(b)). However, interlocutory review is inappropriate "for securing early resolution of disputes concerning whether the trial court properly applied the law to the facts." *Abortion Rights Mobilization, Inc. v. Regan*, 552 F. Supp. 364, 366 (S.D.N.Y. 1982) (citing *Link v. Mercedes-Benz of N. Am., Inc.*, 550 F.2d 860, 863 (3d

Cir.), *cert. denied*, 431 U.S. 933 (1977)). Instead, "the 'question of law' must refer to a 'pure' question of law that the reviewing court 'could decide quickly and cleanly without having to study the record." *In re Worldcom, Inc.*, 2003 WL 21498904, at *10 (S.D.N.Y. June 30, 2003) (quoting *Ahrenholz v. Bd. of Trs. of Univ. of Ill.*, 219 F.3d 674, 676-77 (7th Cir. 2000)).

Here, the parties do not dispute that *Fry v. Napoleon Comm. Schs.*, 137 S. Ct. 743, 748-49 (2017), provides the controlling legal standard; the dispute is entirely in its application to the alleged facts in plaintiffs' second amended complaint. Because defendants do not challenge a pure question of law, interlocutory review is unavailable.

**SO ORDERED**

    /S/ Frederic Block
FREDERIC BLOCK
Senior United States District Judge

Brooklyn, New York
August 10, 2018