UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

SHAWN LAWTON and GINA JOHNSON-LAWTON, on their own behalf and on behalf of their minor son, I.L.; FOLAKE WIMBISH, on her own behalf and on behalf of her minor son, S.S.; FOLAKE OGUNDIRAN, on her own behalf and on behalf of her minor daughter, M.C.; MONIQUE JEFFREY, on her own behalf and on behalf of her minor son, B.S.; and SHANICE GIVENS, on her own behalf and on behalf of her minor son, C.S.,

    Plaintiffs,

-against-

SUCCESS ACADEMY CHARTER SCHOOLS, INC.; SUCCESS ACADEMY FORT GREENE; CANDIDO BROWN; and JANE DOES 1-3 and JOHN DOES 1-3,

    Defendants.

Civil Action No. 15 Civ. 7058-FB-SMG

## PLAINTIFFS' OBJECTION TO THE
## JANUARY 3, 2021 REPORT AND RECOMMENDATION

NEW YORK LAWYERS FOR THE
PUBLIC INTEREST
Ruth Lowenkron, Esq.
Brian T. FitzPatrick, Esq.
Christopher Schuyler, Esq.
151 West 30th Street, 11th Floor
New York, NY 10001
Tel: (212) 244-4664
Fax: (212) 244-4570

STROOCK & STROOCK & LAVAN LLP
Alan M. Klinger, Esq.
Kayley R. McGrath, Esq.
TaLona H. Holbert, Esq.
180 Maiden Lane
New York, New York 10038
Tel: (212) 806-5400
Fax: (212) 806-6006

ADVOCATES FOR JUSTICE,
CHARTERED ATTORNEYS
Arthur Z. Schwartz, Esq.
Laura D. Barbieri, Esq.

225 Broadway, Ste. 1902  
New York, NY 10007  
Tel: (212) 285-1400, ext. 712

*Co-Counsel for Plaintiffs*

# TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES ................................................................................................. ii

INTRODUCTION ............................................................................................................... 1

STANDARD OF REVIEW .................................................................................................. 2

ARGUMENT ....................................................................................................................... 3

PLAINTIFFS ARE ENTITLED TO EXPERT FEES UNDER SECTION 504............................. 3

    I.      Plaintiffs are Entitled to Expert Fees Under Section 504 Based on the Plain Meaning of the Statute. ............................................................................ 3

    II.     Multiple Courts Have Recognized That the 2009 Amendment to Section 504 Extended Title VII Remedies to Litigants. ............................................... 5

    III.    Courts Within the Secord Circuit Imply That Expert Fees are Reimbursable Under Section 504. ........................................................... 6

    IV.    Remedies Available Under the ADA, Including Recovery of Expert Fees, are Available Under Section 504. ........................................................ 7

    V.     Plaintiffs' Claim for Expert Fees is Not Limited to Relief Under Title VI of the Civil Rights Act. ................................................................................ 9

    VI.    Public Policy Supports Granting Plaintiffs' Expert Fee Request. ........................ 10

CONCLUSION .................................................................................................................. 11

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*A.B. v. Pleasant Valley Sch. Dist.*,
  No. 3:17-cv-02311, 2019 WL 2715681 (M.D. Pa. June 28, 2019), *aff'd*, No.
  19-2513, 2020 WL 7075301 (3d Cir. Dec. 3, 2020)............................................................5

*Access 4 All, Inc. v. 135 West Sunrise Realty Corp.*,
  No. CV 06-5487(AKY), 2008 WL 4453221 (E.D.N.Y. Sept. 30, 2008) .................................8

*Arlington Cent. Sch. Dist. Bd. of Educ. v. Murphy*,
  548 U.S. 291 (2006).............................................................................................................7

*Barriere v. Flynn*,
  No. 04-cv-631, 2007 WL 9723183 (E.D.N.Y. Apr. 11, 2007) ..............................................7

*Boyce v. Cable Assoc.*,
  No. 86 Civ. 8957 (RJW), 1990 WL 300887 (S.D.N.Y. Apr. 17, 1990) ................................10

*Cercpac v. Health & Hosps. Corp.*,
  147 F.3d 165 (2d Cir. 1998)..................................................................................................8

*Colorado Cross Disability Coalition v. Hermanson Family Ltd. Partnership I*,
  264 F.3d 999 (10th Cir. 2001) ..............................................................................................8

*D.L. v. Dist. of Columbia*,
  267 F. Supp. 3d 55 (D.D.C. 2017), *vacated and remanded on other grounds*,
  924 F.3d 585 (D.C. Cir. 2019) ..............................................................................................5

*Dean v. Univ. at Buffalo Sch. of Med. & Biomed. Sciences*,
  804 F.3d 178 (2d Cir. 2015)..................................................................................................8

*Doe v. Ohio*,
  No. 2:91-cv-464, 2020 WL 996561 (S.D. Ohio Mar. 2, 2020) .............................................5

*Feltzin v. Union Mall, LLC*,
  393 F. Supp. 3d 204 (E.D.N.Y. 2019) ..................................................................................8

*Henrietta D. v. Bloomberg*,
  331 F.3d 261 (2d Cir. 2003)..................................................................................................7

*I.H. v. Cumberland Valley Sch. Dist.*,
  842 F. Supp. 2d 762 (E.D. Pa. 2012) ....................................................................................6

*L.T. v. Mansfield Tp. Sch. Dist.*,
 No. 04-1381(NLH), 2009 WL 2488181 (D.N.J. Aug. 11, 2009) ...............................................5

*L.V. v. New York City Dep't of Educ.*,
 700 F. Supp. 2d 510 (S.D.N.Y. 2010)..................................................................................6, 7

*Lovell v. Chandler*,
 303 F.3d 1039 (9th Cir. 2002) ..................................................................................................8

*M.M. v. Sch. Dist. of Phila.*,
 142 F. Supp. 3d 396 (M.D. Pa. 2015) ......................................................................................6

*M.P. v. Indep. Sch. Dist. No. 721*,
 No. 01-771, 2007 WL 844688 (D. Minn. Mar. 16, 2007) ........................................................6

*M.W. v. Sch. Dist. of Phila.*,
 No. 15-5586, 2016 WL 3959073 (E.D. Pa. Jan. 11, 2016)........................................................5

*Mason v. Maine Dep't of Corrections*,
 387 F. Supp. 2d 57 (D. Me. 2005) ............................................................................................6

*Pace v. Bogalusa City Sch. Bd.*,
 403 F.3d 272 (5th Cir. 2005) ....................................................................................................8

*Rivera v. Dyett*,
 No. 88 Civ. 4707 (PKL), 1993 WL 54652 (S.D.N.Y. Feb. 16, 1993) ......................................7

*Rodriguez v. City of New York*,
 197 F.3d 611 (2d Cir. 1999).....................................................................................................7

*Ross v. City Univ. of New York*,
 211 F. Supp. 3d 518 (E.D.N.Y. 2016) .....................................................................................8

*S.M. v. Sch. Dist. of Upper Dublin*,
 No. 10-4038, 2011 WL 3678325 (E.D. Pa. Aug. 18, 2011) .....................................................6

*T.W. v. New York State Bd. of Law Examiners*,
 No. 16-cv-3029 (RJD)(RLM), 2019 WL 4468081 (E.D.N.Y. Sept. 18, 2019) ........................8

**Statutes**

20 U.S.C. § 1400....................................................................................................................................6

28 U.S.C. § 636(b)(1)(C) .......................................................................................................................3

29 U.S.C. § 701(a)(6)(B) .....................................................................................................................10

29 U.S.C. § 701(a)(3)(F).....................................................................................................................11

29 U.S.C. § 794 .................................................................................................... *passim*

29 U.S.C. § 794a(2) ...................................................................................................5

29 U.S.C. § 794a(a)(2) ............................................................................................3, 9

42 U.S.C. § 1983 ........................................................................................................7

42 U.S.C. § 1988 .....................................................................................................3, 4

42 U.S.C. § 1988(c) ...................................................................................................4

42 U.S.C. § 2000d ..........................................................................................3, 4, 5, 9

42 U.S.C. § 2000e .......................................................................................................3

42 U.S.C. § 2000e–5 ...............................................................................................4, 5

42 U.S.C. § 2000e–5(e)(3) .........................................................................................4

42 U.S.C. § 2000e–5(e)(3)(B) ....................................................................................4

42 U.S.C. § 2000e–5(k) .............................................................................................5

42 U.S.C. § 12101 ......................................................................................................7

42 U.S.C. § 12133 ......................................................................................................8

42 U.S.C. § 12205 ......................................................................................................4

**Other Authorities**

155 Cong. Rec. D63-02 02 (Specter Amendment No. 27) (Jan. 22, 2009) .....................4

Fed. R. Civ. P. 72(3) ...................................................................................................2

P.L. 111-2, January 29, 2009, 123 Stat 5 ....................................................................4

Plaintiffs, through undersigned counsel, file this limited Objection to the January 3, 2021 Report and Recommendation of Magistrate Judge Steven M. Gold ("Report"), Dkt. No. 164. In support thereof, Plaintiffs incorporate and rely upon the arguments and exhibits set forth in the underlying Motion for Attorney's Fees ("Memo") and the Reply to Defendants' Opposition to Plaintiffs' Motion for Attorney's Fees, Dkt. Nos. 157 and 163, respectively.

## INTRODUCTION

Plaintiffs' limited objection raises the narrow, but critical, issue of whether Plaintiffs are entitled to reimbursement of their expert fees under Section 504 of the Rehabilitation Act, 29 U.S.C. § 794 ("Section 504"). This issue is significant for disability discrimination cases, yet remains unsettled in the Second Circuit. Thus, this Court has the opportunity to render an impactful decision in this jurisdiction by awarding meritorious expert fees that are in accord with the statute's plain meaning *and* with recent, soundly-reasoned Third Circuit and other court precedent. Indeed, no other court has held to the contrary since Section 504 was amended concerning expert fees.

Although Defendants did not oppose Plaintiffs' request for expert fee reimbursement in the amount of $50,230.39—and thus the parties did not brief the issue—Magistrate Judge Gold, with limited analysis, denied Plaintiffs' request for reimbursement of expert fees for reasons that require this Court's *de novo* review.

Plaintiffs hired two highly-experienced experts to determine the extent of the harm incurred by Child-Plaintiffs, then aged 4 to 5 years old, at the hands of Defendants who were bent on enforcing an overly harsh disciplinary policy. *See* Memo, pp. 4, 8-9. *See also* Declaration of Kayley R. McGrath dated July 15, 2020 in Support of Plaintiffs' Motion for Attorneys' Fees and Costs ("McGrath Decl."), at ¶¶ 5, 13. An assessment of the harm required expert assistance

1

because the nature of the harm inflicted on the Child-Plaintiffs, each with actual or perceived disabilities, was difficult to discern and potentially latent, but nonetheless enormously damaging to these children. Determining the scope and degree of injuries of this kind is beyond the knowledge of most attorneys, and, thus, the input and damage assessments of qualified medical professionals were essential.

Moreover, failure to shift expert fees upon successful litigation could cause a chilling effect on disability discrimination enforcement, particularly in an education context dealing with young children, as here, where expert witnesses provide key information about harm suffered, not available through other means.

Magistrate Judge Gold stated that courts around the country are "split" on whether Section 504 authorizes expert fee reimbursement, Report at 37; however, the vast majority of courts have in fact held that expert fees are available under Section 504. Only two courts have held to the contrary, and they are easily distinguishable. In addition, while courts within the Second Circuit have not definitively ruled on the issue, all that have discussed the issue suggest the availability of expert fees.

For these reasons, among others, Plaintiffs respectfully request that this Court recognize Plaintiffs' entitlement to expert fees and order Defendants to reimburse Plaintiffs in the amount of $50,230.39.

## STANDARD OF REVIEW

Pursuant to Fed. R. Civ. P. 72(3):

> The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.

*See also* 28 U.S.C. § 636(b)(1)(C) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made.").

## ARGUMENT

## PLAINTIFFS ARE ENTITLED TO EXPERT FEES UNDER SECTION 504

**I.      Plaintiffs are Entitled to Expert Fees Under Section 504 Based on the Plain Meaning of the Statute.**

In denying Plaintiffs' claim to expert fees under Section 504, Magistrate Judge Gold explained that claims arising under Section 1983, as instructed by 42 U.S.C. § 1988 ("Section 1988"), are not entitled to recovery of expert fees, according to Second Circuit precedent. Report at 37. Magistrate Judge Gold also noted that Section 1988 limits actions under Title VI of the Civil Rights Act of 1964, 42 U.S.C. § 2000d *et seq.* ("Title VI"), and thus reasoned that, because claimants under Section 504 have available the "remedies, procedures, and rights set forth in Title VI," *see* 29 U.S.C. § 794a(a)(2), it follows that expert fees are unavailable under Section 504. Report at 37.

However, as a litany of courts have acknowledged, including the Third Circuit Court of Appeals, *see infra* at 5, Congress amended Section 504 in 2009 ("2009 Amendment"), and provided Section 504 litigants additional remedies under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* ("Title VII"), including reimbursement of expert fees. Magistrate Judge Gold's Report did not discuss the 2009 Amendment, did not discuss Title VII, and relied on a single pre-2009 case as support for rejecting Plaintiffs' request.

Below is the complete text of 29 U.S.C. § 794a(a)(2), with the language added by the 2009 Amendment in bold:

3

> The remedies, procedures, and rights set forth in title VI of the Civil Rights Act of 1964 (42 U.S.C. 2000d et seq.) **(and in subsection (e)(3) of section 706 of such Act (42 U.S.C. 2000e–5), applied to claims of discrimination in compensation)** shall be available to any person aggrieved by any act or failure to act by any recipient of Federal assistance or Federal provider of such assistance under section 794 of this title.

*See* P.L. 111-2, January 29, 2009, 123 Stat 5.[1]

Under a plain meaning interpretation of the language added by the 2009 Amendment, expert fees are reimbursable. Subsection (e)(3)(B) of 42 U.S.C. § 2000e–5 makes available to litigants "any relief authorized by section 1981a." And as recognized by Magistrate Judge Gold, Report at 37, "relief authorized by section 1981a" includes reimbursement of expert fees, pursuant to 42 U.S.C. § 1988(c) ("[I]n any action or proceeding to enforce a provision of section 1981 or 1981a of this title, the court, in its discretion, may include expert fees as part of the attorney's fee.").[2]

Therefore, litigants under Section 504 are entitled not only to Title VI remedies, but following the 2009 Amendment, also to Title VII remedies, which expressly include reimbursement of expert fees.

---

[1] Although the act that implemented the 2009 Amendment to Section 504, the Lilly Ledbetter Fair Pay Act of 2009, principally combats wage discrimination, Congress intended it as a statute of broader anti-discrimination applications, including Section 504-protected disability discrimination, and including far more than wage discrimination. Before passing the law, members of Congress considered amending the text to clearly "limit the application of the bill to discriminatory compensation decisions." This proposed amendment was specifically rejected. *See* 155 Cong. Rec. D63-02 (Specter Amendment No. 27) (Jan. 22, 2009). By voting against this amendment, Congress clarified that the law applies not just to issues of discrimination in compensation, but to discrimination broadly. In addition, the preamble of the 2009 Amendment voices the aim and justification of the law as rectifying the issue of discriminatory compensation, "*and for other purposes*." P.L. 111-2, January 29, 2009, 123 Stat 5 (emphasis added). Taken together, Congress expressed its clear intent that the act be extended broadly, including to reimburse expert fees to litigants under Section 504.

[2] Section 1988(c), which governs recovery of expert fees under Section 1981a, is itself drafted with broad language allowing for extension of its remedies to the broader body of laws. *Cf.* 42 U.S.C. § 1988(c) ("in any action . . . *to enforce a provision of* . . . 1981a . . . , the court . . . may include expert fees as part of the attorney's fee") (emphasis added) and 42 U.S.C. § 12205 (the ADA's fees provision) ("In any action . . . *commenced pursuant to this chapter*, the court . . . may allow the prevailing party . . . a reasonable attorney's fee.") (emphasis added). Unlike the ADA provision, which limits its application to actions "commenced pursuant to" the ADA, Section 1988 applies to *any action* seeking to "enforce a provision" of 1981a. In the instant matter, Plaintiffs, through 42 U.S.C. § 2000e–5(e)(3), seek to enforce Section 1981a's expert fee provision.

## II. Multiple Courts Have Recognized That the 2009 Amendment to Section 504 Extended Title VII Remedies to Litigants.

Numerous courts have recognized that the 2009 Amendment to Section 504 provides Title VII remedies, including reimbursement of expert fees, to prevailing parties. For example, in *L.T. v. Mansfield Tp. Sch. Dist.*, No. 04-1381(NLH), 2009 WL 2488181 (D.N.J. Aug. 11, 2009), the New Jersey District Court held that:

> . . . the Rehabilitation Act incorporates the remedies available under the Civil Rights Act of 1964, which specifically provides for the taxation of expert fees. *See* 29 U.S.C. § 794a(2) ("The remedies, procedures, and rights set forth in title VI of the Civil Rights Act of 1964 (42 U.S.C. 2000d *et seq.*) (and in subsection (e)(3) of section 706 of such Act (42 U.S.C.2000e–5), applied to claims of discrimination in compensation shall be available to any person aggrieved by any act or failure to act by any recipient of Federal assistance or Federal provider of such assistance under section 794 of this title."); 42 U.S.C. § 2000e–5(k) ("[T]he court, in its discretion, may allow the prevailing party, other than the Commission or the United States, a reasonable attorney's fee (***including expert fees***) as part of the costs."). Thus, plaintiffs are entitled to reimbursement of their expert fees for their prevailing party status on their Rehabilitation Act claim.

2009 WL 2488181, at *2 (citing *Neena S. v. Sch. Dist. of Philadelphia*, 2009 WL 2245066, at *11 (E.D. Pa. July 27, 2009)) (emphasis added).

At the end of last year, the Third Circuit affirmed a decision from the Middle District of Pennsylvania, which held that "expert costs may be recovered under Section 504." *A.B. v. Pleasant Valley Sch. Dist.*, No. 3:17-cv-02311, 2019 WL 2715681, at *9 (M.D. Pa. June 28, 2019), *aff'd*, No. 19-2513, 2020 WL 7075301 (3d Cir. Dec. 3, 2020). Numerous other courts, within the Third Circuit and beyond, have also allowed recovery of expert fees under Section 504. *See, e.g.*, *Doe v. Ohio*, No. 2:91-cv-464, 2020 WL 996561 (S.D. Ohio Mar. 2, 2020) (approving plaintiffs' total expert fee request under Section 504); *D.L. v. Dist. of Columbia*, 267 F. Supp. 3d 55, 80 (D.D.C. 2017), *vacated and remanded on other grounds*, 924 F.3d 585 (D.C. Cir. 2019) ("the Court agrees with those courts that have held that expert fees are recoverable under the Rehabilitation Act"); *M.W. v. Sch. Dist. of Phila.*, No. 15-5586, 2016 WL 3959073, at

*7 (E.D. Pa. Jan. 11, 2016) (same); *M.M. v. Sch. Dist. of Phila.*, 142 F. Supp. 3d 396, 413 (M.D. Pa. 2015) (same); *I.H. v. Cumberland Valley Sch. Dist.*, 842 F. Supp. 2d 762, 777 (E.D. Pa. 2012) (same); *S.M. v. Sch. Dist. of Upper Dublin*, No. 10-4038, 2011 WL 3678325 (E.D. Pa. Aug. 18, 2011) (same).

Only two cases hold that expert fees are not permitted under Section 504, and both of those cases were decided prior to the 2009 Amendment. In *M.P. v. Indep. Sch. Dist. No. 721*, No. 01-771 (JNE/JJG), 2007 WL 844688 (D. Minn. Mar. 16, 2007), the decision relied upon by Magistrate Judge Gold, Report at 37, the Minnesota District Court held that expert fees must be denied because Title VII remedies—the very remedies that were added by the 2009 Amendment—were unavailable to plaintiff. The lone other outlier is *Mason v. Maine Dep't of Corrections*, 387 F. Supp. 2d 57 (D. Me. 2005), which in 2005 denied expert fees, merely contending that the pre-2009 amended Section 504 "does not expressly authorize the shifting of expert fees." *Mason*, 387 F. Supp. 2d at 64.

Accordingly, this Court should not credit the lone two cases holding against awarding expert fees as they were decided prior to the applicable amendment and provide little insight. Instead, this Court should follow the Third Circuit and all other courts that have ruled on this issue and found, post-2009, in well-reasoned decisions, that plaintiffs are entitled to expert fees under Section 504.

### III. Courts Within the Secord Circuit Imply That Expert Fees are Reimbursable Under Section 504.

As Magistrate Judge Gold noted, while the Southern District awarded plaintiffs expert fees in *L.V. v. New York City Dep't of Educ.*, 700 F. Supp. 2d 510 (S.D.N.Y. 2010), a case brought under Section 504 as well as the Individuals with Disabilities Education Act, 20 U.S.C.

§ 1400 *et seq.* ("IDEA"), the Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq.* ("ADA"), and 42 U.S.C. § 1983 ("Section 1983"), the decision does not state which statute authorized such an award. However, because expert fees are unavailable under IDEA, *see, e.g.*, *Arlington Cent. Sch. Dist. Bd. of Educ. v. Murphy*, 548 U.S. 291, 297 (2006) (holding that IDEA does not authorize reimbursement of expert fees), and similarly unavailable under Section 1983, *see, e.g.*, *Barriere v. Flynn*, No. 04-cv-631, 2007 WL 9723183, at *2 (E.D.N.Y. Apr. 11, 2007) (holding that Section 1983 does not authorize reimbursement of expert fees), only Section 504 or the ADA remains as the potential authorizing statute. Because Section 504 and the ADA are often interpreted "identically," *see infra* at Point IV, *L.V.* demonstrates that expert fees are available under Section 504.

In addition, in a decision granting leave to amend the plaintiff's complaint to add a Section 504 claim to allow for recovery of expert fees, the Southern District affirmed that seeking expert fees under Section 504 is a colorable claim worthy of consideration. *Rivera v. Dyett*, 1993 WL 54652, at *5 (S.D.N.Y. Feb. 16, 1993) ("the fact that the ability to recover expert fees is one of plaintiff's motivations for amending the complaint to include a Section 504 claim does not constitute bad faith.").

Therefore, while the Second Circuit has not definitively decided the issue, earlier decisions strongly suggest that reimbursement of expert fees under Section 504 is appropriate.

**IV.    Remedies Available Under the ADA, Including Recovery of Expert Fees, are Available Under Section 504.**

Courts treat Section 504 and the ADA identically. *See, e.g.*, *Henrietta D. v. Bloomberg*, 331 F.3d 261, 272 (2d Cir. 2003) ("we treat claims under the two statutes identically"); *Rodriguez v. City of New York*, 197 F.3d 611, 618 (2d Cir. 1999) ("Because Section 504 of the

Rehabilitation Act and the ADA impose identical requirements, we consider these claims in tandem."); *Cercpac v. Health & Hosps. Corp.*, 147 F.3d 165, 167 (2d Cir. 1998) ("Apart from the Rehabilitation Act's limitation to denials of benefits 'solely' by reason of disability and its reach of only federally funded—as opposed to 'public'—entities, these provisions purport to impose precisely the same requirements."). This identical treatment includes a shared availability of remedies. *See, e.g.*, *T.W. v. New York State Bd. of Law Examiners*, No. 16-cv-3029 (RJD)(RLM), 2019 WL 4468081, at *2 (E.D.N.Y. Sept. 18, 2019) ("the same legal standards and remedies apply to claims under Title II of the ADA and the Rehabilitation Act"); *see also Dean v. Univ. at Buffalo Sch. of Med. & Biomed. Sciences*, 804 F.3d 178, 187 (2d Cir. 2015) (same); *Ross v. City Univ. of New York*, 211 F. Supp. 3d 518, 528 (E.D.N.Y. 2016) (same); *Pace v. Bogalusa City Sch. Bd.*, 403 F.3d 272, 287-89 (5th Cir. 2005) (same); *Lovell v. Chandler*, 303 F.3d 1039, 1056 (9th Cir. 2002) (same). In fact, the ADA adopts its "remedies, procedures, and rights" directly from Section 504. 42 U.S.C. § 12133 ("The remedies, procedures, and rights set forth in section 794a of title 29 shall be the remedies, procedures, and rights this subchapter provides to any person alleging discrimination on the basis of disability in violation of section 12132 of this title.").

Courts across the country, including this Court, have awarded expert fees under the ADA. *See, e.g.*, *Feltzin v. Union Mall, LLC*, 393 F. Supp. 3d 204, 217 (E.D.N.Y. 2019) *citing Spalluto v. Trump Int'l Hotel & Tower*, No. 04-cv-7497, 2008 WL 4525372, at *17 (S.D.N.Y. Oct. 2, 2008); *Access 4 All, Inc. v. 135 West Sunrise Realty Corp.*, No. CV 06-5487(AKY), 2008 WL 4453221, at *15 (E.D.N.Y. Sept. 30, 2008); *Lovell*, 303 F.3d at 1058; *Colorado Cross Disability Coalition v. Hermanson Family Ltd. Partnership I*, 264 F.3d 999, 1011 n.4 (10th Cir. 2001).

Because the precedent is clear that the ADA and Section 504 are treated identically, and that actions under the ADA provide for reimbursement of expert fees, litigants under Section 504 are also entitled to reimbursement of expert fees.

V.  **Plaintiffs' Claim for Expert Fees is Not Limited to Relief Under Title VI of the Civil Rights Act.**

Magistrate Judge Gold asserts that Section 504 claimants are limited to the "remedies, procedures, and rights" of Title VI which, according to Section 1988, does not provide for reimbursement of expert fees. Report at 37. However, Section 504 prevailing parties are not so limited.

According to Section 504, claimants have "*available*" to them the "remedies, procedures, and rights" of Title VI. *See* 29 U.S.C. § 794a(a)(2). Title VI, itself silent as to recovery of fees, looks to Section 1988 for instruction. *See* Report at 37. Section 1988 provides this instruction to Title VI, along with a multitude of other civil rights statutes, including Section 1983. *Id.* Notably missing, however, is mention of Section 504. While Section 504 claimants may be entitled to Title VI relief, Section 504 and Title VI are separate laws, with distinct purposes and enactment histories. If Congress had, at any time, intended the oft-amended Section 1988 to circumscribe the relief available under Section 504, it would have included reference to Section 504. Therefore, while Title VI relief is "available" to Section 504 claimants, Section 504 is not required to accept *only* the relief afforded by Title VI. Therefore, Section 504 claimants should be permitted to look to the broader body of laws for guidance on the issue of expert fees, particularly similar statutes like the ADA. *See supra* at Point IV.

## VI. Public Policy Supports Granting Plaintiffs' Expert Fee Request.

Plaintiffs hired two highly-experienced experts to assess the harm suffered by the Child-Plaintiffs at the hands of Defendants due to Defendants' unrelenting enforcement of a harsh disciplinary policy. Memo at 8-9; McGrath Decl. at ¶ 13. Such expert consultations are invaluable when examining young children with actual or perceived disabilities, where harm can be difficult to discern and/or latent, but nonetheless deeply damaging to the children's well-being. Plaintiffs' experts interviewed Plaintiffs, observed Child-Plaintiffs in their classrooms and home settings, collected and evaluated resulting data, interpreted and analyzed hundreds of pages of Child-Plaintiffs' academic, psychological, and behavioral records, and in two instances traveled out-of-state to meet with Plaintiffs. *Id.* This comprehensive work was necessary to fully understand and determine the extent of the harm suffered by the Child-Plaintiffs.

If prevailing party civil rights attorneys cannot rely on recovery of their expert fees, they may be forced to make the difficult decision to forgo expert engagement, to the detriment of their client's rights. Such a scenario is also likely to depress the ability of attorneys to accept such cases. *See, e.g.*, *Boyce v. Cable Assoc.*, No. 86 Civ. 8957 (RJW), 1990 WL 300887, at *8 (S.D.N.Y. Apr. 17, 1990) ("Expert testimony is often a crucial component in proving discrimination in particular cases, and it is likely that competent attorneys would be dissuaded from representing even plaintiffs with strong claims were their expenses for experts" not fully recoverable).

Refusing to reimburse Plaintiffs' expert fees also would run counter to the purpose and goals of the Rehabilitation Act, which recognizes that people with disabilities "continually encounter various forms of discrimination in such critical areas as . . . education." 29 U.S.C. § 701(a)(6)(B). In order for Section 504 to achieve its goals of "providing individuals with

disabilities with the tools necessary to achieve equality of opportunity," *id.* at (a)(3)(F), and ensuring that individuals with disabilities "enjoy full inclusion and integration in the . . . educational mainstream of American society," *id.*, Section 504 must provide for reimbursement of expert fees.

## CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that this Court determine that prevailing parties under Section 504 are entitled to reimbursement of expert fees and order Defendants to reimburse Plaintiffs' expert fees in the amount of $50,230.39.

Dated: February 16, 2021
       New York, New York

                        Respectfully submitted,

                        NEW YORK LAWYERS FOR THE PUBLIC INTEREST

                        By:      /s/ Christopher K. Schuyler
                                  Christopher K. Schuyler
                                  Ruth Lowenkron
                                  Brian T. FitzPatrick

                        151 West 30th Street
                        New York, New York 10001
                        Tel:    (212) 244-4664
                        Fax:   (212) 244-4570

                        STROOCK & STROOCK & LAVAN LLP

                        By:   /s/ Kayley R. McGrath
                                Alan M. Klinger
                                Kayley R. McGrath
                                TaLona H. Holbert

180 Maiden Lane
New York, New York 10038
Tel: (212) 806-5400
Fax: (212) 806-6006

ADVOCATES FOR JUSTICE, CHARTERED ATTORNEYS

By: /s/ Laura D. Barbieri
    Laura D. Barbieri
    Arthur Z. Schwartz

225 Broadway, Ste. 1902
New York, New York 10007
Tel: (212) 285-1400, ext. 712
Fax: (212) 224-4570

*Attorneys for Plaintiffs*