```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------x
SHAWN LAWTON and GINA
JOHNSON-LAWTON et al.,                            MEMORANDUM AND ORDER

                Plaintiff,                        Case No. 15-cv-07058-FB-SMG

        -against-

SUCCESS ACADEMY OF FORT
GREENE et al.,

                Defendant.
------------------------------------------------x
```

*Appearances:*
*For the Plaintiff*:
ALAN M. KLINGER
Stroock & Stroock & Lavan LLP
180 Maiden Lane
New York, NY 10038

*For the Defendant*:
VANESSA BIONDO
Success Academy Charter Schools
95 Pine Street
New York, NY 10005

**BLOCK, Senior District Judge:**

On January 3, 2021, United States Magistrate Judge Steven Gold issued a Report and Recommendation ("R&R") recommending the Court award plaintiffs attorney's fees in the amount of $1,297,844.50 and costs of $25,372.30. *See* ECF No. 164 at 38. After receiving an extension of time, plaintiffs filed a "limited objection" on February 16, 2021. *See* ECF No. 166. The objection "request[s] that this Court recognize Plaintiffs' entitlement to expert fees and order Defendants to reimburse Plaintiffs in the amount of $50,230.39" because "failure to shift expert

1

fees upon successful litigation could cause a chilling effect on disability discrimination enforcement." *Id*. at 2.

## I.

Plaintiffs hired two experts to "determine the extent of the harm incurred by [the] Child-Plaintiffs, then aged 4 to 5 years old, at the hands of Defendants who were bent on enforcing an overly harsh disciplinary policy." ECF No. 166 at 1. The defendants did not oppose plaintiffs' request for expert fee reimbursement, and the parties did not brief this issue.

Magistrate Judge Gold concluded that expert fees should not be awarded. He explained:

> Though defendants do not object to this aspect of plaintiffs' fee application beyond seeking the general reduction noted above, "the court has no authority to shift plaintiffs' expert witness fees to defendants in [] a case [brought under 42 U.S.C. § 1983]." *Barriere v. Flynn*, 2007 WL 9723183, at *2 (E.D.N.Y. Apr. 11, 2007).

ECF No. 164 at 37. In a footnote, Magistrate Judge Gold added:

> Courts appear to be split on this issue, and the Second Circuit has yet to weigh in. … There appears to be only one relevant opinion issued by a district court in this circuit; in *L.V. v. New York City Dep't of Educ.*, 700 F. Supp. 2d 510, 515 n. 7, 529 (S.D.N.Y. 2010), the Southern District reimbursed plaintiffs for expert fees in a case primarily concerning IDEA, but also brought pursuant to Sections 504 and 1983. However, the court did not explicitly consider whether expert fee awards were authorized under either Sections 504 or 1983. Because the precedent is clear that expert fee awards are not permitted under Section 1983, the two exceptions to this general rule have been limited to Sections 1981 and 1981(a), and Section 504 references the very remedies provided by the Civil Rights Act, I recommend denying plaintiffs' request for expert costs.

2

*Id*. at 37 n.14. Thus, Magistrate Judge Gold appears to have believed that expert fee awards were not available under Section 1983.

## II.

Plaintiffs explain in their objection papers that Congress amended the relevant statutory scheme in 2009, expanding the scope of remedies to include expert fees:

> Magistrate Judge Gold [] noted that Section 1988 limits actions under Title VI of the Civil Rights Act of 1964, 42 U.S.C. § 2000d et seq. ("Title VI"), and thus reasoned that, because claimants under Section 504 have available the "remedies, procedures, and rights set forth in Title VI," see 29 U.S.C. § 794a(a)(2), it follows that expert fees are unavailable under Section 504. Report at 37.
>
> However, as a litany of courts have acknowledged, including the Third Circuit Court of Appeals, see infra at 5, Congress amended Section 504 in 2009 ("2009 Amendment"), and provided Section 504 litigants additional remedies under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq. ("Title VII"), including reimbursement of expert fees.

Plaintiffs argue the plain meaning of the language added by the 2009 amendment indicates that expert fees are reimbursable because "[s]ubsection (e)(3)(B) of 42 U.S.C. § 2000e–5 makes available to litigants 'any relief authorized by section 1981a,'" and § 1981 permits the award of expert fees. ECF No. 166 at 4; *see also* ECF No. 164 at 37 n.14. Numerous courts have made clear that the 2009

3

Amendment to Section 504 allows for the reimbursement of expert fees.[1] The Court is satisfied that it has the discretion to award expert fees consistent with the relevant statutory framework.[2]

### III.

As discussed in the R&R, this case involves allegations that the child-plaintiffs experienced discrimination due to actual or perceived disabilities while enrolled in kindergarten at Success Academy Charter School in Fort Greene. This involved "unrelenting punishment" that ranged from "removal [of the children] from the classroom to early dismissals and suspensions." ECF No. 164 at 5 (internal citations omitted). It also included threatening and carrying out the threat of "call[ing] the police or the Administration for Children's Services to take custody of children because of their unsafe behavior (such as running in a classroom, not listening to a teacher, or having a tantrum)." *Id*. The defendants

---

[1] *See A.B. v. Pleasant Valley Sch. Dist.*, No. 3:17-cv-02311, 2019 WL 2715681, at *9 (M.D. Pa. June 28, 2019), *aff'd*, No. 19-2513, 2020 WL 7075301 (3d Cir. Dec. 3, 2020); *L.T. v. Mansfield Tp. Sch. Dist.*, No. 04-1381(NLH), 2009 WL 2488181 (D.N.J. Aug. 11, 2009); *D.L. v. Dist. of Columbia*, 267 F. Supp. 3d 55, 80 (D.D.C. 2017), *vacated and remanded on other grounds*, 924 F.3d 585 (D.C. Cir. 2019) ("the Court agrees with those courts that have held that expert fees are recoverable under the Rehabilitation Act"); *M.W. v. Sch. Dist. of Phila.*, No. 15-5586, 2016 WL 3959073, at *7 (E.D. Pa. Jan. 11, 2016) (same); *M.M. v. Sch. Dist. of Phila.*, 142 F. Supp. 3d 396, 413 (M.D. Pa. 2015) (same); *I.H. v. Cumberland Valley Sch. Dist.*, 842 F. Supp. 2d 762, 777 (E.D. Pa. 2012) (same).

[2] The Court assesses plaintiffs' limited objection using a de novo standard of review. *See* Fed. R. Civ. P. 72(3).

4

settled with the plaintiffs for $1,100,000.00, plus reasonable attorneys' fees and costs. *Id.* at 8.

Plaintiffs' counsel hired experts because it was difficult to assess the harm to their young clients resulting from defendants' discriminatory treatment. The experts "interviewed Plaintiffs, observed Child-Plaintiffs in their classrooms and home settings, collected and evaluated resulting data, interpreted and analyzed hundreds of pages of Child-Plaintiffs' academic, psychological, and behavioral records, and in two instances traveled out-of-state to meet with Plaintiffs." ECF No. 166 at 10.

Retention of experts appears to have been essential to plaintiffs' case, and the defendants did not oppose the request for expert fee reimbursement. The failure to shift expert fees upon successful litigation could have a chilling effect on disability discrimination enforcement, particularly in this context where experts provide key information about the harm suffered by children that is difficult to ascertain by other means. *See, e.g., Boyce v. Cable Assoc.*, No. 86 Civ. 8957 (RJW), 1990 WL 300887, at *8 (S.D.N.Y. Apr. 17, 1990) ("Expert testimony is often a crucial component in proving discrimination in particular cases, and it is likely that competent attorneys would be dissuaded from representing even plaintiffs with strong claims were their expenses" not fully recoverable). The Court is persuaded that it is legally permissible and appropriate to grant plaintiffs'

5

requested reimbursement of $50,230.39 in expert fees. Defendants are therefore ordered to reimburse the plaintiffs for these expenses.

## CONCLUSION

For the foregoing reasons, plaintiffs' limited objection is **SUSTAINED**. Accordingly, the Magistrate Judge's recommendation regarding plaintiffs' request for expert fees is **REJECTED**, but the Report and Recommendation is **ACCEPTED** in all other respects. In accordance with the recommendation, the Court awards the plaintiffs attorney's fees in the amount of $1,297,844.50 and costs of $25,372.30. The Court further orders reimbursement of expert fees in the amount of $50,230.39. The clerk shall enter Judgment in accordance with this Order.

**SO ORDERED.**

                                                  _/S/ Frederic Block_
                                                  FREDERIC BLOCK
                                                  Senior United States District Judge

Brooklyn, New York
March 10, 2021